UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-25026-CIV-MORENO/LOUIS

In re Application of

MOTRANSA S.A.,

        Applicant

pursuant to 28 U.S.C. § 1782
For Judicial Assistance in Obtaining
Evidence for Use in Foreign and International
Proceedings

_____

### REPORT AND RECOMMENDATION

This cause is before the Court on the Motion to Enforce Arbitration Provision and Stay Proceedings (ECF No. 5) filed by Navistar Inc. ("Navistar" or Movant). The Motion is opposed by Applicant Motransa S.A. ("Motransa" or Applicant). Upon consideration of the Motion, review of the docket as a whole, and with the benefit of oral argument on June 23, 2020, the undersigned recommends that the Motion to Compel Arbitration be granted and the matter remain closed.

**I.  BACKGROUND**

Applicant instituted this suit with the filing of an application for judicial assistance pursuant to 28 U.S.C. § 1782. In its Application, Motransa sought documentary and testimonial evidence from Movant Navistar for use in a contemplated civil action, to be brought in Ecuador, against a distributor of Navistar for tortuously interfering with Applicant's relationship with Navistar. The evidence sought, Applicant explained, constituted communications and agreements between Navistar and the third-party distributor that would reveal how the distributor was able to secure a

1

relationship with Navistar, in contravention of Applicant's exclusive distributor agreement with Navistar. (ECF No. 1 at ¶ 12).

Applicant attached as an exhibit to its Application a copy of the Distributor Sales and Service Agreement between Motransa and Navistar. The Agreement contains an arbitration provision that mandates arbitration:

> Except as is otherwise expressly provided herein, all disputes, controversies or differences arising between the parties out of or in relation to or in connection with this Agreement, or any breach or default hereunder (including, but not limited to, a dispute concerning the existence or continued existence of this Agreement, and the validity of the arbitral provision) which cannot be settled amicably shall be subject to arbitration."

(ECF No. 1 at 37). The Application did not reference or identify the arbitration provision. The Court granted the Application and closed the case (ECF No. 4).

Navistar now moves to compel arbitration pursuant to the above provision and to stay these proceedings pending arbitration (ECF No. 5). Navistar argues that even the threshold question of whether this is a "dispute" that is arbitrable is a question the Parties expressly delegated to the arbitration panel to decide. Motransa challenges Navistar's characterization of this Section 1782 action as a "dispute" and argues that Navistar cannot avoid its discovery obligations in this Court by invoking an arbitration provision that Motransa argues applies to adversarial suits, but not to this suit.

## II. ANALYSIS

### a. The Parties Agreed to Arbitrate Issues of Arbitrability.

The Federal Arbitration Act embodies "the strong federal policy in favor of enforcing arbitration agreements." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985). Keeping with this policy, the Supreme Court has mandated that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v.*

*Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *MS Dealer Servs. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999). Generally, the question of whether the parties agreed to arbitrate a particular dispute is decided by the court. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

Parties may agree to arbitrate gateway questions of arbitrability, including scope and applicability of an arbitration agreement to a particular dispute. Known as a "delegation provision," such an antecedent agreement commits to the arbitration body the threshold determination of whether the agreement to arbitrate is enforceable. *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1264 (11th Cir. 2017). Where the parties have agreed to a delegation provision, the district court retains only the jurisdiction to determine if the provision itself is invalid—that is, if it is subject to defeat upon a showing of fraud, duress, unconscionability, or another applicable contract defense. *Id.* (citing *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1144 (11th Cir. 2015)).

Motransa, as the party resisting arbitration, "bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp. Ala. v. Randolph*, 531 U.S. 79, 91 (2000) *quoted in Smith v. Comcast Cable Commc'ns Mgmt., LLC*, No. 15-62672-CIV, 2016 WL 4480975, at *2 (S.D. Fla. Aug. 22, 2016). However, in response to Navistar's Motion, Motransa never acknowledges this burden, challenges the delegation clause, or even attempts to confront *Jones*' clear mandate that this Court is limited to reviewing only the validity of the delegation clause. Indeed, Motransa's Response unequivocally states that it does not challenge the validity or enforceability of the arbitration provision but nonetheless Motransa opposes the Motion on the grounds that this is not a "dispute" that Navistar can compel it to arbitrate. Motransa has failed to meet its burden of persuading this Court that the delegation provision is invalid and accordingly, the Court should enforce the provision.

Navistar contends that the arbitration provision in the Parties' Agreement delegates to the Arbitration body the gateway question of arbitrability. Montransa has not contested Navistar's interpretation of the arbitration provision as delegating the question of arbitrability to the arbitration panel. By agreeing to arbitrate "all disputes, controversies or differences arising between the parties out of or in relation to or in connection with this Agreement," the Parties have clearly and unmistakably agreed to submit to the arbitration body the question of arbitrability. *Ytech 180 Units Miami Beach Investments LLC v. Certain Underwriters at Lloyd's, London*, 359 F. Supp. 3d 1253, 1266 (S.D. Fla. 2019) (citing *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1146 (11th Cir. 2015)). Navistar additionally relies on the Parties' adoption of UNCITRAL rules and procedures to evidence their clear and unmistakable intention to agree to arbitrate the question of arbitrability. Again, Motransa offers no argument to the contrary, and the Eleventh Circuit has endorsed Navistar's argument. *See Earth Sci. Tech, Inc. v. Impact UA, Inc.*, No. 19-10118, 2020 WL 1861402, at *5 (11th Cir. Apr. 14, 2020).

Because the Parties have clearly and unmistakably agreed to arbitrate the issue of arbitrability, the Court's analysis is complete, and it must compel arbitration.

2. <u>Motransa Cannot Avoid Arbitrating the Dispute Over Arbitrability</u>.

Though Motransa contests neither the existence nor enforceability of the arbitration provision, it argues the Agreement has no applicability to this Section 1782 action because Motransa has asserted no claim against Navistar; Motransa thus argues that the arbitration provision is not triggered by this non-adversarial proceeding.

Relying on *In re Kurbatova*,[1] Motransa contends that "Section 1782 is simply a discovery

---

[1] *In re Kurbatova*, 2019 WL 2180704, *2 (S.D. Fla. May 20, 2019) (*citing In re Edelman*, 295 F.3d 171, 179 (2nd Cir. 2002)); *Matter of Gov't of Mongolia v. Hera Int'l Energy, LLC*, No. 3:08-MC-46-J-32MCR, 2009 WL 10712602 (M.D. Fla. July 24, 2009).

mechanism does not subject a person to liability or otherwise initiate a cause of action." Motransa asserts that because § 1782 is a non-adversarial discovery device that authorizes discovery under the Federal Rules of Civil Procedure, discovery requested under the subpoena cannot constitute a dispute, controversy, or difference under the Distribution Agreement. In response, Navistar advances a definition of "dispute" broad enough to embrace the present dispute over Motransa's efforts to compel discovery. More pointedly, Navistar relies on the Supreme Court's recent pronouncement that there is no exception to compelling arbitration on the grounds that the basis asserted is "wholly groundless." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 531 (2019). Indeed, as the Supreme Court has held, Motransa's argument here "confuses the question of who decides arbitrability with the separate question of who prevails on arbitrability." Motransa may assert this argument to the arbitration panel but has agreed in the Distribution Agreement to submit even that gateway question to the panel, not the Court.

Finally, Motransa advances caselaw support for the proposition that a party over whom the court has jurisdiction cannot avoid his discovery obligations arising under the Federal Rules of Civil Procedure just because those discovery mechanisms may be pursued in parallel arbitration proceedings. *E.g.*, *IntegraMed Am., Inc. v. Patton*, 298 F.R.D. 326, 331 (D.S.C. 2014) (compelling response to subpoena and overruling objection that issuing party and responding party had claims in arbitration); *see also Veleron Holding, B.V. v. Stanley*, No. 12 CIV. 5966 CM, 2014 WL 1569610, at *8 (S.D.N.Y. Apr. 16, 2014) (rejected attempt to bind court by confidentiality rulings made by arbitrator consistent with arbitration rules). These cases all stand for the proposition that a court with jurisdiction over a dispute will not yield to another authority if it has a basis for requiring production of discovery. The cases are inapposite, as it is the Court's very jurisdiction that is here challenged by the Motion to Enforce, an issue not raised or explored in the cases on

which Motransa relies.

## III.     RECOMMENDATION

The Parties have a valid and enforceable agreement to arbitrate, contained in the Agreement Applicant attached to its Application to explain its request for relief under 28 U.S.C. § 1782. Motransa may contest that its demand for discovery in aid of a foreign action is arbitrable, but it will have to arbitrate that dispute as it agreed to do.

For the foregoing reasons, I respectfully recommend that Movant's Motion to Enforce be **GRANTED**; and that this matter remain closed pending arbitration.

Pursuant to Local Magistrate Rule 4(b), the Parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to timely file objections shall bar the Parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**RESPECTFULLLY SUBMITTED** in chambers, in Miami, Florida, this 24th day of June, 2020.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE