UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
**Case Number: 19-25026-CIV-MORENO**

IN RE: Application of MOTRANSA, S.A.,

       Applicant

Pursuant to 28 U.S.C. § 1782 for Judicial
Assistance in Obtaining Evidence for Use in
Foreign and International Proceedings.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE LOUIS'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, for a Report and Recommendation on Navistar, Inc.'s Motion to Enforce Arbitration and to Stay Proceedings, filed on **March 11, 2020**. The Magistrate Judge filed a Report and Recommendation (**D.E. 11**) on **June 24, 2020**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Lauren F. Louis's Report and Recommendation is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that the Motion to Enforce Arbitration and to Stay Proceedings is GRANTED.  Magistrate Judge Louis reviewed whether Motransa, S.A.'s request for discovery from Navistar, Inc. under 28 U.S.C. § 1782 is subject to an arbitration clause in the parties' Distribution Agreement. The Report concludes that the arbitrability of the discovery demand is for the arbitration panel to decide consistent with the parties' agreement. Motransa does not contest the validity or enforceability of the arbitration provision or that the arbitration provision delegates

questions of arbitrability to the arbitrator. As Magistrate Judge Louis noted, "[w]here the parties have agreed to a delegation provision, the district court retains only the jurisdiction to determine if the provision itself is invalid – that is, if it is subject to defeat upon a showing of fraud, duress, unconscionability, or another applicable contract defense." *Report and Recommendation* at 3 (citing *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1264 (11th Cir. 2017) and *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 144 (11th Cir. 2015)).

Motransa does not challenge the contract's delegation clause requiring the arbitration panel to decide issues of arbitrability. Rather, Motransa S.A. argues in its objections that a 28 U.S.C. § 1782 action does not come under the purview of § 3 of the Federal Arbitration Act because the action is akin to a pure bill of discovery. Second, Motransa objects to the Report arguing that because the Court already granted the original order allowing Motransa to serve the subpoena on Navistar, Navistar's motion to compel arbitration improperly attempts to strip this Court of jurisdiction it already seized. Finally, Motransa argues that compelling arbitration deprives Motransa of its rights under § 1782 to obtain discovery in support of a lawsuit to which Navistar is not a participant.

Motransa's first objection is that § 1782 proceedings are exempt from the Federal Arbitration Act because they are not "suits." Irrespective of whether a § 1782 proceeding is a "suit," the Federal Arbitration Act applies to "any suit or *proceeding*." Therefore, the Court does not agree with Motransa that by virtue of being a §1782 proceeding, the arbitrability of this case cannot be decided by an arbitration panel. The second component to this objection is that the § 1782 proceeding is non-adversarial and merely seeks discovery, which cannot constitute a dispute under the parties' agreement. The Court agrees with the Magistrate Judge that whether this discovery request comes under the purview of the agreement's arbitration clause is for the

arbitrator to decide.

The second objection is that the Court cannot now compel arbitration because it already issued an *ex parte* order granting the application and allowing the subpoena to be issued. It is proper for this Court to act within the scope of its authority and this Court has no authority to decide the arbitrability issue when the parties have delegated that issue to an arbitrator. The Court was not aware of the arbitration clause when the first order was issued, and the Court is free to examine this challenge to its jurisdiction.

The final objection is that Motransa would lose its rights under § 1782 because the UNCITRAL rules applicable to the arbitration do not allow the full range of discovery permitted under § 1782. The inability of a party to conduct certain discovery because it agreed to arbitration procedures that limit discovery is not an excuse for the party's obligation to arbitrate. What discovery and in what forum Motranso may pursue that discovery is an issue for the arbitration panel. It is also of no moment that Motranso seeks the discovery to aid litigation against a third-party because this proceeding seeks discovery from Navistar, which is a party to the agreement. Again, the parties delegated the issue of arbitrability to the arbitrator and this Court's jurisdiction is limited to determining viability of that clause, which is not being contested. Accordingly, the Court compels arbitration and stays the action consistent with the Magistrate Judge's Report and Recommendation.

DONE AND ORDERED in Chambers at Miami, Florida, this <u>24th</u> of July 2020.

*Federico A. Moreno*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
United States Magistrate Judge Lauren F. Louis
Counsel of Record